

```
____ FILED        ____ RECEIVED
____ ENTERED      ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

            MAY 1 1 2012

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL MCCREARY,

    Plaintiff,

vs.

BRIAN SANDOVAL, et al.,

    Defendants.

Case No. 2:12-CV-00317-RCJ-(CWH)

**ORDER**

    Plaintiff, who is a prisoner at Ely State Prison, has submitted an application to proceed <u>in forma pauperis</u> (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed the complaint, and plaintiff will need to submit an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

In all three counts, plaintiff alleges that prison officials at High Desert are not following the administrative regulation that governs the grievance procedure. Plaintiff has no right to an effective grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order). Plaintiff also alleges that he was transferred from High Desert State Prison to Ely State Prison. "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Plaintiff's other allegations show that he was transferred because he was threatening his cellmates, not because prison officials were retaliating against him. Plaintiff has not stated a plausible claim of retaliation.

Plaintiff also alleges that he was housed with a prisoner who had tuberculosis, and that he has not been examined by medical personnel for exposure to tuberculosis. Deliberate indifference to a serious medical condition can be a violation of the Eighth Amendment, but plaintiff must allege facts that can show that particular prison officials knew about, and consciously disregarded, the risk to plaintiff's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). In an amended complaint, plaintiff will need to allege who these officials are, how they are aware of plaintiff's exposure to tuberculosis, and how they have disregarded the risks associated with that exposure. Plaintiff refers to grievance numbers, but the court does not possess copies of those grievances and plaintiff would still need to allege all relevant facts in the body of the complaint even if the court did possess those copies.

1       Many of the defendants that plaintiff names are supervisors. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). If plaintiff can allege that prison officials were deliberately indifferent to his risk of exposure to tuberculosis, then he cannot sue the supervisors of those officials merely because they are supervisors. If plaintiff names any supervisors as defendants in his amended complaint, then his allegations will need to satisfy the Hansen standard.

      IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

      IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

      IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-CV-00317-RCJ-(CWH), above the word "AMENDED."

Dated: May 11, 2012

                                          ROBERT C. JONES
                                          Chief United States District Judge